```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS



                              )
ENTEGRIS, INC.,               )
                              )
        Plaintiff,            )
                              )    Civil Action Nos. 03-10392
v.                            )                      06-11494
                              )                      06-10601
PALL CORPORATION,             )
                              )
        Defendant.            )
                              )


           BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                    UNITED STATES DISTRICT JUDGE


                       SCHEDULING CONFERENCE



            John J. Moakley United States Courthouse
                         Courtroom No. 9
                        One Courthouse Way
                   Boston, Massachusetts  02210
                       Monday, May 5, 2008
                            2:20 p.m.



                  Marcia G. Patrisso, RMR, CRR
                      Official Court Reporter
                  John J. Moakley U.S. Courthouse
                  One Courthouse Way, Room 3510
                    Boston, Massachusetts  02210
                          (617) 737-8728

            Mechanical Steno - Computer-Aided Transcript
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   APPEARANCES:

 2       ROPES & GRAY LLP
         By: John T. Montgomery, Esq.
 3           Dalila A. Wendlandt, Esq.
         One International Place
 4       Boston, Massachusetts  02110
         On Behalf of Entegris, Inc.
 5
         LEYDIG, VOIT & MAYER, LTD.
 6       By: H. Michael Hartmann, Esq.
             Mark E. Phelps, Esq.
 7       Two Prudential Plaza - Suite 4900
         Chicago, Illinois  60601-6780
 8       On Behalf of Pall Corporation

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  Next up for a scheduling conference
 3   will be Entegris versus Pall Corporation, Docket
 4   03-10392; Entegris, Inc., versus Pall Corporation,
 5   06-10601; and Entegris versus Pall Corp., 06-11494.
 6           Will counsel please identify yourselves for the
 7   record.
 8           MS. WENDLANDT:  Dalila Wendlandt for Entegris.
 9           MR. MONTGOMERY:  Joe Montgomery for Entegris.
10           MR. HARTMANN:  Mike Hartmann for Pall.  And with
11   me is Mark Phelps.
12           THE COURT:  Good afternoon.  We've saved the
13   best for last.
14           Well, you've got a pretty comprehensive
15   schedule, but I guess I'm sort of interested in what's
16   going on, particularly in light of the latest ruling.
17   So there is one outstanding issue, I guess, between you,
18   and that is how much consolidation should be done.  And
19   I'd like to talk about that, too.
20           MS. WENDLANDT:  That's correct, your Honor.  I
21   think Entegra's position is that the cases should be
22   consolidated for trial as well as for discovery
23   purposes, and Pall has indicated that they'd be willing
24   to consolidate for discovery.  Our position is that, you
25   know, these cases involve the same family of patents,
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   involve the same inventors and the same inventorship's
 2   story.  They involve the same three products, Pall
 3   products, which are really a family of products that
 4   were created -- some of which were created as a result
 5   of the Court's rulings.  And so as a result, the
 6   documents, the witnesses, would all be the same.
 7            What we've seen of Pall's defenses entirely
 8   overlap between the three cases.  They rely, as you
 9   know, on a defense of obviousness which relates to the
10   same underlying prior art for the latter two cases which
11   were filed in 2006; they rely on the patents in the 2003
12   case.
13            So we think that, you know, for all practical
14   purposes, there's no reason not to, at this moment,
15   consolidate the cases entirely.
16            THE COURT:  Okay.  Mr. Hartmann?
17            MR. HARTMANN:  I agree insofar as discovery is
18   concerned, basically, that these cases ought to be
19   coordinated, consolidated, use whatever term we might
20   wish to use.  We object, however, to trial of all of the
21   actions in a single proceeding because the patents are
22   different, the products are different, the prior art
23   defenses are different.  Your Honor has addressed them
24   in the motion for preliminary injunction.  We think
25   there is just too much going on if you were to
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   consolidate all of these for trial.
 2          So I think, you know, all of the arguments that
 3   we just heard are certainly valid insofar as coordinated
 4   discovery is concerned, but I don't believe that they've
 5   addressed the danger of undue jury confusion by throwing
 6   in two or three generations of redesigned and improved
 7   products, whole different sets of prior art defenses,
 8   whole different sets of non-infringement positions.
 9   Because, remember, these patents -- these groups of
10   patents -- go to completely different features:  One is
11   the automatic alignment, the earlier case; and the
12   subsequent cases go to these three vents, or three
13   ports, one of which has to be a vent port.  So it's
14   really a different technical feature that is going to be
15   tried -- that ultimately will be the trial.
16          The other point I would like to make is that
17   obviously there are going to be dispositive motions
18   filed.  A lot of water will flow under this bridge
19   before we go to trial.  So one suggestion I would have,
20   your Honor, is just defer the ruling on consolidation
21   for trial until some later point in time when we know
22   what is going to be tried.  There may well be a lot of
23   issues that we won't have to face anymore.  I mean, it
24   may well be that one or two other cases will be so small
25   that perhaps we will reconsider our position on the
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   complexity.
 2           There's really no need -- no urgent need -- to
 3   have a decision rendered today or tomorrow on the trial
 4   consolidation.  And we all agree on the discovery
 5   schedule and on the discovery coordination; that is not
 6   an issue.  So I would submit that, you know, we don't
 7   need to face that specific trial consolidation issue
 8   today.
 9           THE COURT:  The joint statement -- I guess
10   perhaps I misunderstood it, but with respect to the
11   consolidation at the bottom of page 3 it says, "Pall did
12   not oppose consolidation of the third and fourth action
13   but opposed consolidation of the first action with the
14   third and fourth actions."
15           That's a little different from what I'm hearing
16   now.  It's not a cut between the actions but a cut
17   between the events of the discovery and trial?
18           MR. HARTMANN:  That's exactly right.  That's
19   exactly right, your Honor.  The only thing we're
20   opposing, that we're reluctant to agree to, is the
21   trial -- a consolidated trial in all of these actions.
22   We're not opposed to consolidating discovery in all of
23   these actions.  So that's not a problem we have.  We're
24   happy to make sure that we take only one deposition of
25   one inventor.  And all of that can happen.  We'd be
```

PDF created with pdfFactory trial version www.pdffactory.com

1  happy to share the document discovery among all of the
2  cases.  All of that we can agree to; that's not a
3  problem.
4         MS. WENDLANDT:  Your Honor, I'm a little
5  confused.  For clarification, I'm not sure how many
6  trials Pall is asking for, whether they're asking for
7  three trials or just two.
8         THE COURT:  It sounds like two.
9         MR. HARTMANN:  Two.
10        THE COURT:  That's what this means.  I think
11 that sentence that I read is now to be interpreted in a
12 little -- in the context of trial; that is, try the
13 first and second actions, try the second and third and
14 fourth, but don't try them all together.  Frankly, I
15 think the idea that I don't have to decide that now is
16 an appealing one.  I think for the reason that
17 Mr. Hartmann suggests, I'll see what it looks like as we
18 get closer to that and make whatever judgment.
19        I mean, cases like this, you always make trial
20 composition judgments as you get closer to the trial,
21 anyway, so you may end up trying half a case instead of
22 a whole case or two cases.
23        So the next issue, I guess, is sort of an inside
24 baseball record-keeping one; and that is, what happens
25 to our docket if we consolidate them formally.  I think

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   that probably mischief occurs if we try to put them all
 2   on one docket.  I don't know.  You may like that idea.
 3   But I'm afraid of things getting lost or confused.
 4           If we just left them as separate electronic
 5   files but with the agreement that discovery would all be
 6   coordinated, as Mr. Hartmann put it, so that you take
 7   one deposition for all purposes but you don't mess with
 8   the docketing.
 9           MR. HARTMANN:  I don't think there's any need
10   to, your Honor.  When we've done it, we've
11   double-captioned deposition transcripts, for example.
12   We can easily work through that.
13           MS. WENDLANDT:  We would do whatever is easiest
14   for the Court.
15           THE COURT:  For instance, in the first and
16   second, they were consolidated, and the second one
17   actually pulled it in, so there's only one docket for
18   the first and second actions.  And I'm just a little
19   concerned if we tried to double and quadruple that it
20   would just get confusing, and for accounting purposes it
21   may keep us...
22           So I won't formally consolidate the cases in
23   that traditional sense of consolidation, but all
24   discovery will be for all purposes, how's that, in all
25   the cases.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1                MR. HARTMANN:  That's fine.
 2                MS. WENDLANDT:  That's fine.
 3                THE COURT:  And then that brings us to the
 4    schedule that you've got proposed, which I guess was
 5    drafted with that in mind, for all cases.
 6                MS. WENDLANDT:  That's right, your Honor.
 7                THE COURT:  Any new patents coming out, by the
 8    way?
 9                MS. WENDLANDT:  None of which I'm aware.  I
10    don't think so.
11                MR. HARTMANN:  I wouldn't hold my breath.
12                THE COURT:  Well, that's fine.  Let me ask you
13    about the Markman stuff.  I mean, there's been some
14    construing going on, and I guess I'd be interested in
15    your views about that.  I mean, are those terms still to
16    be finally construed or do you -- or is the Markman only
17    for new things that had not been construed?
18                MS. WENDLANDT:  Your Honor, our position would
19    be that it would be construction of only the new things.
20    We think -- our understanding was that the preliminary
21    construction would be the permanent construction in the
22    case.
23                MR. HARTMANN:  We agree.  Frankly, it escapes me
24    right now, what additional terms there might need to be
25    construed, but I certainly agree, whatever has been
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1    construed, that's the way it ought to be for the rest of
 2    these cases.
 3            THE COURT:  At least at this level?
 4            MR. HARTMANN:  Yes.
 5            THE COURT:  Right.  Right.  And speaking of this
 6    level, no one's going to a different level in the near
 7    horizon?
 8            MS. WENDLANDT:  That's right, your Honor.
 9            THE COURT:  Yeah.  All right.  So does that
10    mean, then, that the Markman issues will be on the '06
11    patents, basically?
12            MS. WENDLANDT:  Your Honor, there may be some in
13    the '907 patent, which is the 2003 case, which will need
14    to be revisited depending on whether or not the parties
15    can agree to a construction.
16            THE COURT:  Okay.
17            MS. WENDLANDT:  Your Honor, that relates to an
18    additional claim that hasn't been asserted, because what
19    we did is focus our preliminary injunction efforts on
20    one claim in each patent.
21            THE COURT:  So you're thinking of an amendment,
22    is that it?
23            MS. WENDLANDT:  Not an amendment, just --
24            THE COURT:  Oh, I see.
25            MS. WENDLANDT:  -- there may be another claim --
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1            THE COURT:  A preliminary injunction
 2   presentation.
 3            MS. WENDLANDT:  That's right.
 4            THE COURT:  It's in the complaint but just
 5   hasn't been emphasized?
 6            MS. WENDLANDT:  That's right.
 7            THE COURT:  Would you say, looking forward to
 8   the Markman hearing, anticipating evidence; anticipating
 9   an evidentiary hearing?  It depends?
10            MS. WENDLANDT:  Yes, your Honor.  It depends on
11   whether or not the parties can agree.
12            MR. HARTMANN:  I don't know that there would be
13   an evidentiary hearing, but it usually is decided as a
14   matter of law many times on the papers by themselves.
15   But if your Honor finds it helpful to give presentations
16   as we have, for example, in connection with the other
17   motions, it would be that kind of a hearing.  I don't
18   anticipate that fact witnesses would be presented.
19            THE COURT:  Yeah. Okay.  The first thing on the
20   schedule that addresses the Markman issues is the
21   plaintiff's brief and so on.  What about a claim chart,
22   completing claim charts before that?  How do you propose
23   to handle that?  Are you thinking of doing that for the
24   first time in the opening brief?
25            MS. WENDLANDT:  Your Honor, we would think that
```

PDF created with pdfFactory trial version www.pdffactory.com

1  during discovery the parties would exchange claim
2  charts, but if it would be helpful to your Honor to have
3  something --
4          THE COURT:  It is sometimes helpful for me to
5  see that sometimes earlier rather than later.  How about
6  a month before the first brief there's either a joint --
7  well, no, it wouldn't be joint because it would be
8  whatever is dividing you, I guess, but it might be
9  joint.  I mean, I guess a chart that shows what you
10 agree on and what you disagree on and whether they're
11 competing propositions.
12         If you could put that in, say, around -- well, I
13 guess it's around the close of fact discovery.  We could
14 adjust the dates if it gets too congested in there.
15         MS. WENDLANDT:  It might make sense, your Honor,
16 to bump down all of the dates and make that initial
17 joint --
18         THE COURT:  Yeah.  Make the April dates May
19 dates.
20         MS. WENDLANDT:  That's right.
21         THE COURT:  Yeah.  I think that might make
22 sense.  So how about the close of fact discovery
23 February 9th, then claim charts submitted showing areas
24 of agreement and remaining areas of disagreement.  And I
25 don't know if we -- did you at least peg a day of the

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   week?
 2            MS. WENDLANDT:  These dates are definitely dates
 3   of the week.  Now we'd have to figure that out.
 4            THE COURT:  I don't know the May date is
 5   equivalent to in April.
 6            Do you have an '09 calendar, Paul?
 7            THE CLERK:  Yes, I do.
 8            THE COURT:  Well, they probably predicted it
 9   couldn't wait.  Because today's the 5th, it would be the
10   4th?  Which way does it go, forward or backward?
11            THE CLERK:  So April 6th would be --
12            THE COURT:  The first Monday of May.
13            THE CLERK:  Right.  So it would be May 4th.
14            THE COURT:  May 4th, yeah.
15            So plaintiff's opening brief May 4th and -- wait
16   a minute now.  No.  No.  I've jumped down too far.  The
17   claim chart would be March 9th.
18            MS. WENDLANDT:  And then we could have the
19   opening briefs April --
20            THE COURT:  And Entegris would be April 6th and
21   Pall would be April 4th.  And then I guess 14 days after
22   that, which would be May 18th, I guess.
23            MS. WENDLANDT:  Your Honor, can I just clarify.
24   So then the joint claim construction chart would be
25   March 9th?
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1             THE COURT:  Right.
 2             MS. WENDLANDT:  The opening brief would be April
 3   6th?
 4             THE COURT:  Right.
 5             MS. WENDLANDT:  Pall's brief would be May 4th?
 6             THE COURT:  Right.
 7             MS. WENDLANDT:  And the reply brief would be May
 8   18th?
 9             THE COURT:  Right.
10             MS. WENDLANDT:  Okay.
11             THE COURT:  And then argument and so on, I would
12   put it in an afternoon slot.
13             Why don't you put it in for June.
14             THE CLERK:  June for a Markman hearing?
15             THE COURT:  Yeah --
16             THE CLERK:  Thursday, June 4th, at two o'clock,
17   for a Markman hearing.
18             THE COURT:  And we'll leave the rest of the
19   schedule for after that, I think.  I mean, it's a
20   floating date anyway, so we'll just wait to get that
21   done.
22             Okay.  That probably gets us back on track.
23   Anything else?
24             MS. WENDLANDT:  Nothing from Entegris.
25             MR. HARTMANN:  Nothing from Pall, your Honor.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   Thank you.
 2              THE COURT:  Okay.  Thank you.
 3              MS. WENDLANDT:  Thank you, your Honor.
 4              MR. MONTGOMERY:  Thank you, your Honor.
 5              THE CLERK:  All rise.  Court is in recess.
 6              (The proceedings concluded at 2:45 p.m.)
 7
 8                    C E R T I F I C A T E
 9
10        I, Marcia G. Patrisso, RMR, CRR, Official
11   Reporter of the United States District Court, do hereby
12   certify that the foregoing transcript constitutes, to
13   the best of my skill and ability, a true and accurate
14   transcription of my stenotype notes taken in the matter
15   of Civil Action Nos. 03-10392, 06-11494, 06-10601,
16   Entegris, Inc., v. Pall Corp.
17
18                      /s/ Marcia G. Patrisso
                        MARCIA G. PATRISSO, RMR, CRR
19                      Official Court Reporter
20
21
22
23
24
25
```